UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG R. BELL, individual d/b/a DESTINEE' – EPLORIUMS,<br><br>            Plaintiff,<br><br>v.<br><br>HARLEY-DAVIDSON MOTOR COMPANY, INC., a Wisconsin Corporation, *et al.*,<br><br>            Defendants.<br><br>and Related Counterclaim | Civil No. 05CV2151-L(BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS AND FOR JUDGMENT AS A MATTER OF LAW** |

In this trademark infringement action, Plaintiff filed a motion to dismiss Defendants' counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) and for a judgment as a matter of law pursuant to Rule 12(c)). Defendants filed an opposition, and Plaintiff replied. For the reasons which follow, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff Craig R. Bell, d.b.a. Destinee' - Eploriums, proceeding *pro se*, filed a complaint alleging that Defendants Harley-Davidson Motor Company, Inc. and H-D Michigan, Inc. infringed his registered mark "Ride Hard" (stylized letters) for printed matter and various products, and asserting related tort and statutory causes of action against them. To the extent pertinent here, in the First Amended Answer and Counterclaim of Defendant H-D Michigan, Inc.

and Defendant Harley-Davidson Motor Company, Inc. ("Counterclaim") Defendants alleged that (1) Plaintiff's trademark registrations should be cancelled by the court based on Defendants' prior use and Plaintiff's abandonment; and (2) they are entitled to relief based on unfair competition. Plaintiff moved to dismiss pursuant to Rule 12(b)(6) or in the alternative for a judgment on the pleadings pursuant to Rule 12(c)).

Under Rule 12(c)), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Accordingly, the appropriate time to consider a Rule 12(c)) motion is after the pleadings are closed. In the procedural posture of the instant case, the pleadings are closed upon the filing of a reply to the counterclaim. *See Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005), *citing* Fed. R. Civ. P. 7(a) & 12(c)). A Rule 12(c)) motion filed before the pleadings are closed is premature. *Id.* Plaintiff concedes his motion is premature, since he has not yet filed a reply to the Counterclaim. (Reply at 8.) Accordingly, to the extent his motion is based on Rule 12(c)), it is denied without prejudice.

Plaintiff's Rule 12(b)(6) motion to dismiss was timely filed. The thrust of Plaintiff's argument is that the counterclaims are unsupported and are contradicted by evidence. Generally, the court cannot consider evidence when ruling on a motion to dismiss. The court may consider the facts alleged in the complaint,[1] documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by Galgraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Plaintiff's evidentiary arguments are based on the parties' initial disclosures pursuant to Rule 26, which are not in the nature of materials the court can consider on a motion to dismiss. The court declines Plaintiff's request to convert the instant motion into a motion for summary judgment pursuant to Rule 56. This is without prejudice to Plaintiff filing a timely, properly noticed summary judgment motion.

---

[1] This refers to the complaint which is the subject of the motion to dismiss. In this case, this is Defendants' Counterclaim.

Plaintiff also challenges the sufficiency of Defendants' allegations. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In this regard, Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Navarro*, 250 F.3d at 732. Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Prieto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998.)

Defendants' Counterclaim is based in part on the claim of prior use. Pursuant to 15 U.S.C. § 1115(b)(5), a defendant can plead a defense to infringement if

> . . . the mark whose use by a party is charged as an infringement was adopted without knowledge of the registrant's prior use and has been continuously used by such party or those in privity with him from a date prior to (A) the date of constructive use of the mark established pursuant to section 1057(c) of this title . . .

The prior use defense has three elements: (1) the defendant adopted the mark without actual or constructive knowledge of the plaintiff's use; (2) the defendant used the mark before the plaintiff filed his or her trademark application; and (3) the defendant used the mark continuously after the

/ / / / /

plaintiff filed the application. *Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 761 (9th Cir. 2006).

Defendants allege they "have, since at least 1989, used catch phrases which include the wording 'Ride Hard' to decorate their merchandise [and that their] use predates any use of the term 'Ride Hard' claimed by Plaintiff." (Countercl. ¶ 11, 12.) While Defendants allege prior use, and their lack of actual and constructive knowledge can reasonably be inferred from the allegation that their use predates any use by Plaintiff, they do not allege continuous use, nor can this allegation be reasonably inferred from the remaining allegations. Defendants' allegations are therefore insufficient to plead the prior use defense.

Pursuant to 15 U.S.C. § 1115(b)(2), abandonment is another defense to a claim of infringement. In their Counterclaim, Defendants allege two theories of abandonment: (1) that Plaintiff is currently not using the mark; and (2) that the mark lost strength and distinctiveness because Plaintiff failed to police third party use.

Under 15 U.S.C. § 1127(2), a mark is abandoned

> [w]hen its use has been discontinued with intent not to resume such use. Intent not to resume may be inferred from circumstances. Nonuse for 3 consecutive years shall be prima facie evidence of abandonment. "Use" of a mark means the bona fide use of such mark made in the ordinary course of trade, and not made merely to reserve a right in a mark.

Abandonment based on lack of use has two elements, discontinuance of trademark use and intent not to resume such use. *See Electro Source, LLC v. Brandess-Kalt-Aetna Group, Inc.*, 458 F.3d 931 (9th Cir. 2006).

Defendants allege they "have been unable to locate evidence of [Plaintiff's] current use or licensing of 'Ride Hard' on or in connection with many of the goods covered by [Plaintiff's] alleged trademark registrations. [¶] . . . [Plaintiff] has not used and does not use in commerce the "Ride Hard" term in connection with all of the goods covered by his alleged trademark registrations, and has, therefore, abandoned any proprietary interest he may have ever had in the term "Ride Hard" in connection with those goods." (Countercl. ¶¶ 15-16.) Defendants do not allege Plaintiff's lack of intent to resume using his mark, or facts from which this intent could

/ / / / /

1 reasonably be inferred. Accordingly, they do not sufficiently allege abandonment based on
2 nonuse.

3      Under 15 U.S.C. § 1127(2), a mark is abandoned

> [w]hen any course of conduct of the owner, including acts of omission as well as commission, causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose its significance as a mark. . . .

To establish abandonment based on loss of significance, Defendants must allege "a course of conduct on the part of the owner causing the mark to become generic or lose its significance as a mark." *Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.*, 219 F.3d 104, 110 (2nd Cir. 2000); *see also Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005)("Even a registered mark may become generic and subject to cancellation."); *KP Permanent Make-up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005); *Abdul-Jabbar v. General Motors Corp.*, 85 F.3d 407, 411 (9th Cir. 1996).

     Defendants allege that "other individuals and entities have used and continue to use, without a license from or consent of [Plaintiff], the term 'Ride Hard' in connection with their goods which are similar to those goods on which Bell claims to use and has registered his alleged Ride Hard mark. [¶] . . . [Plaintiff] has failed to police these individuals and entities for so long that [Plaintiff's] alleged mark has lost any strength, distinctiveness, and indication of origin it may have ever had. [¶] [Plaintiff] therefore abandoned any proprietary interest he may have had in the term 'Ride Hard.'" (Countercl. ¶¶ 12-14.) Accordingly, Defendants sufficiently allege abandonment based on loss of significance.

     Last, Defendants assert a claim for unfair competition against Plaintiff. Unfair competition is prohibited by 15 U.S.C. § 1125(a)(1)(A):

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, [¶]

> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

To state a claim for unfair competition, Defendants must allege that Plaintiff is using a mark confusingly similar to their valid protectable unregistered trademark, *see Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 873 (9th Cir. 1999), in addition to alleging prior and continuous use, *see Casual Corner Assoc.*, 493 F.2d at 712; 6 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* §§ 16:9, 27:18, 32:203 (2006).

Defendants allege that "[t]he logos adopted by [Plaintiff] to appear in combination with his alleged RIDE HARD mark are similar to logos already associated with Counter-Claimants' business and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of [Plaintiff] with Counter-Claimants, or as to the origin, sponsorship, or approval of [Plaintiff's] products or commercial activities." (Countercl. ¶ 19.) Defendants then display three of their logos and three Plaintiff's logos which they claim are likely to cause confusion. (*Id.* ¶ 20.) Defendants further allege that "by virtue of continuous and substantial use of Counter-Claimants' logo marks [and] extensive promotion of the goods offered under Counter-Claimants' logo marks, the marks have become strong and distinctive identifiers of Counter-Claimants' goods." (*Id.* ¶ 21.) They allege that "[w]ith prior knowledge of Counter-Claimants' logo marks, [Plaintiff] has purposely adopted logos which have features and colors similar to Counter-Claimants' logo marks to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of [Plaintiff] with Counter-Claimants, or as to the origin, sponsorship, or approval of [Plaintiff's] products or commercial activities. By virtue of the above-alleged conduct, [Plaintiff] has engaged in unfair competition . . .." (*Id.* ¶¶ 22-23.) Since Defendants' prior use of the logos can be inferred from the allegation that Plaintiff had knowledge of their use before adopting confusingly similar logos, the unfair competition claim is adequately alleged.

Plaintiff also maintains that the unfair competition claim has been improperly brought as a counterclaim because it does not arise out of the same transaction or occurrence as the claims he asserts against Defendants. Assuming for the sake of the argument that the unfair

competition claim does not arise out of the same transaction or occurrence, it is nevertheless properly asserted as a counterclaim in this action.  Pursuant to Rule 13(b), "[a] pleading may state as a counterclaim any claim against an opposing party **not** arising out of the same transaction or occurrence that is the subject matter of the opposing party's claim."  (Emphasis added.)

For the foregoing reasons, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART** as follows:

1. To the extent Plaintiff's motion is based on Rule 12(c), it is **DENIED WITHOUT PREJUDICE**.

2. To the extent Plaintiff's motion is based on Rule 12(b)(6), it is **GRANTED** with respect to Defendants' claims of prior use and abandonment by nonuse, and **DENIED** in all other respects.

3.  Since it may be possible for Defendants to cure the defects in pleading noted above, their counterclaims based on prior use and abandonment by non-use are **DISMISSED WITH LEAVE TO AMEND**.  If Defendants choose to amend, they must file their second amended counterclaim no later than **March 19, 2007**.  Plaintiff's response to the second amended counterclaim, if any, shall be filed no later than **April 2, 2007**.

4. In a separate order, the court denied Defendants' Motion for Leave to File Second Amended Answer and Counterclaim.  The instant order grants leave to amend the First Amended Answer and Counterclaim only insofar as necessary to cure the pleading defects discussed herein, and does not constitute leave to plead additional counterclaims or defenses.

**IT IS SO ORDERED**.

DATED: March 6, 2007

_M. James Lorenz_
M. James Lorenz
United States District Court Judge

COPY TO:

HON. BARBARA LYNN MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL